**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

Plaintiff,

**v.**                                                        **Case No.:   3:26CR27-1
                                                              (GROH)**

**ROHAN LAMANTE BROADIE,**

Defendant.

**DETENTION ORDER**

On June 8, 2026, came the United States of America by Lara K. Omps-Botteicher,

Assistant United States Attorney, and came Defendant, ROHAN LAMANTE BROADIE,

in person and by his counsel, Nicholas J. Compton, Assistant Federal Public Defender,

for a hearing on the United States Motion to Detain [ECF No. 19], in accordance with the

Bail Reform Act, Title 18, United States Code, Section 3142(f). The parties presented

evidence and witness testimony was taken.

**A. The Standards**

Title 18, United States Code, §§ 3142(g) and 3142(c) provide the specific factors

that are to be considered to determine whether there are conditions of release that will

reasonably assure the appearance of the person as required and the safety of any other

person and the community. Those factors are:

1.      The nature and circumstances of the offense charged, including whether

        the offense is a crime of violence, a violation of section 1591, a Federal

1

crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

2. The weight of the evidence against the person;

3. The history and characteristics of the person, including but not limited to community ties, employment, criminal history, record of court appearance or whether the person was on probation or parole at the time the current offense was committed; and

4. The seriousness of the danger to any person or the community that would be posed by the person's release.

### B.  Findings of Fact and Conclusions of Law

On May 19, 2026, an indictment was filed against the Defendant charging him with the following: COUNT ONE- Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine and Cocaine Base and COUNT TWO- Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime.

Pursuant to Title 18, United States Code, Section 3142(e), the presumption to detain applies since some of the counts in said indictment naming this Defendant are an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the Controlled Substances Import and Export Act or chapter 705 of title 46.

The Court finds as follows:

1. The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

2

2. The weight of evidence against the defendant is strong and Defendant is subject to a lengthy period of incarceration if convicted.  The Defendant's criminal history includes arrests and convictions for possession and distribution of controlled substances.

3. Defendant has significant family or other ties outside the United State; lacks legal status in the United States; and is subject to removal or deportation after serving any period of incarceration. Further, Defendant is subject to an ICE detainer.

4. Defendant is a serious risk of flight by a preponderance of the evidence.

5. Defendant's past criminal history and actions show that he would be a danger to this community by clear and convincing evidence.

6. No bond conditions pursuant to 18 U.S.C. 3142(c) could be set to reasonably ensure the appearance of Defendant and the safety of the community.

**C.  Decision**

Based upon the evidence presented and the above findings of fact and conclusions of law, the Government's Motion to Detain [ECF No. 19] is **GRANTED.** Accordingly, it is hereby

**ORDERED** that:

1. Defendant is hereby remanded to the custody of the United States Marshals pending further proceedings in this case;

2. Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3

3.       Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel;

4.       On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5.       Any party seeking revocation or amendment of this Order shall file a motion pursuant to 18 U.S.C. § 3145.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: 6-9-2026**

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

4